UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

    Plaintiff,

v.                                                    Case No.  5:16cv154/MP/CJK

JULIE JONES, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Good cause having been shown, leave to proceed *in forma pauperis* will be granted.  Because plaintiff has no funds accrued in his inmate trust fund account, the clerk of court shall not assess plaintiff an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A).  The total filing fee in this case remains $350.00.

The undersigned has screened plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), and concludes that this case should be dismissed without prejudice

for plaintiff's failure to state a claim on which relief may be granted. Plaintiff's complaint and attachments establish that plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections (FDC) currently confined at Northwest Florida Reception Center (NWFRC). Plaintiff asserts that this complaint "represents more than 12-hundred inmate[s] here at Northwest Florida Reception Center", (doc. 1, p. 2 in ECF), and that the complaint "charges" the defendants "with violating every inmate's rights at this NWFRC" (doc. 1, p. 4 in ECF). Plaintiff's complaint names five defendants: FDC Secretary Julie Jones, NWFRC Warden D. Maddox, NWFRC Acting Warden C. Brannon, NWFRC Security Warden Duval, and NWFRC Security Warden E. Jones. Plaintiff describes this lawsuit as arising from an inmate-on-inmate stabbing that occurred at NWFRC on April 15, 2016.[1] Plaintiff asserts that the stabbing was caused by a lapse in security and officer training, and that instead of addressing those issues, FDC and NWFRC officials transferred the inmates involved and punished the remaining

---

[1] According to plaintiff, Inmate Max Barzley attacked Inmate Georges Laquerre, on April 15, 2016. (Doc. 1, p. 14 in ECF).

*Case No. 5:16cv154/MP/CJK*

inmates at NWFRC by instituting harsh, abusive and discriminatory restrictions on them.  (Doc. 1, pp. 13-22 in ECF).  Plaintiff indicates that the time period covering the acts in question is April 18, 2016, through the present.  (Doc. 1, pp. 16-18 in ECF).

Of significance, plaintiff states that this lawsuit "is directly related to a recently filed Class Action against the same prison" and identifies *Wheeler v. Jones*, Case No. 5:16cv130-MP-GRJ.  (Doc. 1, pp. 7, 14, 15 in ECF).  Plaintiff indicates that Case No. 5:16cv130-MP-GRJ asserted claims of "abuse" based on the same facts underlying this lawsuit, and that this lawsuit builds on Case No. 5:16cv130 by asserting claims of "'discrimination' which has constituted 'cruel and unusual punishment' a due process violation of the 1st, 8th, and 14th Amendments."  (Doc. 1, p. 7 in ECF).  Plaintiff's claim of discrimination appears to arise from the fact that inmates at NWFRC are "Mental and Physical Handicapped".  (Doc. 1, p. 13 in ECF).[2]

---

[2] Plaintiff also references another case pending in this court as involving acts of abuse pre-dating the April 15, 2016 incident. (Doc. 1, p. 16 in ECF (referencing *Wheeler v. Jones*, Case No. 5:15cv232-MP-GRJ)).  The court takes judicial notice that Case No. 5:15cv232-MP-GRJ is still pending.  *See* Docket for Case No. 5:15cv232-MP-GRJ.  A motion to dismiss was filed by two defendants on May 23, 2016.  *See* Case No. 5:15cv232-MP-GRJ, Doc. 58.  The remaining defendant (Johns) has not been served.  To the extent plaintiff's reference to Case No. 5:15cv232 implies that this lawsuit is a continuation of that litigation, such contemporaneous, duplicative litigation is improper.

The court takes judicial notice of its own records in Case No. 5:16cv130-MP-GRJ.  Plaintiff initiated that lawsuit on May 2, 2016.  On May 12, 2016, the assigned magistrate judge issued a report recommending that the case be dismissed because (1) plaintiff filed the case jointly with another prisoner, which is prohibited; (2) plaintiff could not maintain a class action as a *pro se* litigant; and (3) it was evident from the face of plaintiff's complaint that he failed to exhaust his administrative remedies prior to filing suit, because the events happened on April 15, 2016, and plaintiff alleged he submitted emergency grievances on April 15, 2016, and April 18, 2016; however, the fifteen-day period for the Secretary to respond to the grievances would not have elapsed by May 2, 2016.  *See* Case No. 5:16cv130-MP-GRJ, Doc. 5 (*citing* Fla. Admin. Code § 33-103.07(6)(b)(3)).  The Report and Recommendation is pending.

Plaintiff initiated this lawsuit on June 2, 2016.  (Doc. 1, p. 30 in ECF). Apparently in response to Magistrate Judge Jones' exhaustion analysis, plaintiff affirmatively addresses the exhaustion question and contends that he exhausted his administrative remedies by presenting the facts underlying this lawsuit in a formal grievance dated February 12, 2016; that the formal grievance was denied on March 8, 2016; that plaintiff appealed to the Office of the Secretary on April 18, 2016; and

that his appeal was denied on May 6, 2016.  (Doc. 1, p. 24 in ECF).  Plaintiff attaches the relevant grievances to his complaint.  (Doc. 1, Exs. A-B).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged

approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id*. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id*., 550 U.S. at 570.

A complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim). Taking those well-pleaded allegations of plaintiff's complaint as true and evaluating reasonable

inferences derived from those facts in plaintiff's favor, plaintiff's complaint and attachments demonstrate that to the extent plaintiff is asserting claims relating to prison officials' "punishing" inmates after the April 15, 2016 stabbing, plaintiff still has not properly exhausted his administrative remedies.[3]

Exhaustion Requirement

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek monetary damages or injunctive relief. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) ("The 'available' 'remed[y]' must be 'exhausted'

---

[3] This Report assumes to plaintiff's benefit, without deciding, that the DOC's administrative grievance procedure is the appropriate procedure for exhausting § 1983 claims and ADA claims.

*Case No. 5:16cv154/MP/CJK*

<u>before</u> a complaint under § 1983 may be entertained.") (emphasis added); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id*. at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by" prison officials).

The grievance procedure promulgated by the Florida Department of Corrections requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and (3)

submit an appeal to the Office of the Secretary. Fla. Admin. Code rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc*., 627 F.3d 1215, 1218 (11th Cir. 2010). An inmate may file a grievance directly to the Office of the Secretary. Fla. Admin. Code r. 33-103.007.

Plaintiff's Grievances

Plaintiff states that he grieved the issues in this lawsuit by filing a formal grievance dated February 12, 2016, to which he received a response dated March 8, 2016. (Doc. 1, p. 24 in ECF). The attachments to plaintiff's complaint establish that plaintiff is referring to formal grievance log number 1602-110-210. (Doc. 1, Exs. B5-B6). That grievance, which pre-dated the April 15, 2016 stabbing at issue here, related to plaintiff's complaint that on February 8, 2016, he was unable to finish his meal by the time he was required to leave the chow hall and therefore took a portion of his meal with him, and that as he stepped out of the chow hall, officers improperly confiscated his food. (Doc. 1, Exs. B5-B9). Plaintiff's grievance had nothing to do with the additional security measures implemented after the April 15, 2016 stabbing. Similarly, the remaining grievances attached to plaintiff's complaint as part of Exhibit B relate to medical issues, not to the April 15, 2016 stabbing and subsequent "punishing" security measures. (Doc. 1, Exs. B1-B4).

Plaintiff also references his appeal to the Office of the Secretary dated April 18, 2016, as demonstrating proper exhaustion. (Doc. 1, p. 24 in ECF). Plaintiff attaches to his complaint the April 18, 2016 grievance appeal as well as the Secretary's response. (Doc. 1, Ex. A2-A4). Plaintiff's appeal, assigned grievance log number 16-6-19447, was returned to plaintiff without processing in a response dated May 6, 2016, because it failed to comply with the administrative program's procedural requirements (it addressed more than one issue or complaint, failed to include sufficient facts, etc.). (Doc. 1, Ex. A1; *see also* Fla. Admin. Code r. 33-103.007). Thus, plaintiff's April 18 appeal to the Office of the Secretary does not satisfy the PLRA's exhaustion requirement.[4]

Because the affirmative defense of failure to exhaust administrative remedies appears on the face of plaintiff's complaint and attachments, plaintiff's complaint should be dismissed for failure to state a claim. *Jones v. Bock*, 549 U.S. at 215; *see also, e.g., Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) ("[T]he district court did not err by dismissing the complaint, pursuant to § 1915A, because [the

---

[4] It is not clear why plaintiff attached additional grievances to his complaint, because those grievances either relate to different issues than the claims raised here (*e.g.,* Ex. C, which relates to a use of excessive force on one Inmate Anthony Williams on March 22, 2016, for Williams' wearing a shirt that had buttons on it), or were returned without processing on procedural grounds (*e.g.*, Exs. E-F).

*Case No. 5:16cv154/MP/CJK*

prisoner's] failure to exhaust administrative remedies – an affirmative defense – was clear from the face of the complaint." (*citing Jones v. Bock, supra*)). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). As plaintiff's failure to exhaust his administrative remedies before filing this suit is a deficiency that cannot be cured by amendment, this case should be dismissed. *Ross v. Blake*, No. 15-339, 2016 WL 3128839, at *5 (U.S. June 6, 2016) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED to the extent this case may proceed without the prepayment of the entire filing fee.

2. Because plaintiff has no funds accrued in his inmate trust fund account, the clerk of court shall not assess plaintiff an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, the total filing fee in this case remains $350.00.

3. As funds become available in plaintiff's inmate account, plaintiff is required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into his account) <u>in each case he has filed in this court</u>. The agency having custody of plaintiff shall forward to the clerk of court payments from plaintiff's account on a monthly basis each time the amount in the account exceeds $10.00. These payments shall continue <u>until the filing fee of $350.00 is paid in full in each case</u>. Personal checks directly from prisoners will not be accepted.

The following information shall either be included on the face of the check or money order or attached thereto:

(1)   the full name of the prisoner;
(2)   the prisoner's inmate number; and
(3)   Northern District of Florida Case Number: 5:16cv154/MP/CJK.

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

4. The clerk of court shall MAIL a copy of this order with the appropriate cover letter to: Florida Department of Corrections, 501 S. Calhoun St. Tallahassee, FL 32399-2500, ATTN: Agency Clerk.

And it is respectfully RECOMMENDED:

*Case No. 5:16cv154/MP/CJK*

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of June, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No. 5:16cv154/MP/CJK*